UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Damond Mosley,

    Petitioner,

v.                                     Case No. 08-cr-20026
                                      Case No. 10-cv-11007
                                      Honorable Sean F. Cox

United States of America,

    Respondent.

_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

       This matter is currently before the Court for a decision as to whether the Court should grant or deny a certificate of appealability to Petitioner Damond Mosley ("Mosley"). For the reasons set forth below, the Court shall DENY a certificate of appealability

### BACKGROUND

       In Criminal Case No. 08-20026, following a bench trial, this Court convicted Petitioner Damond Mosley ("Mosley") of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Because of Petitioner's prior convictions, he was subject to the enhanced penalty provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). On July 16, 2008, the Court sentenced Petitioner to 180 months of imprisonment.

       On August 25, 2009, Mosley filed a motion to vacate his sentence pursuant to § 2255. In his motion, Mosley alleged that his counsel's representation was ineffective because his counsel did not adequately communicate the terms of a plea offer by the Government.

After conducting an evidentiary hearing on January 10, 2012, this Court denied Mosley's § 2255 Motion on the merits in an Opinion & Order dated May 3, 2012. (Docket Entry No. 60).

On May 15, 2008, Mosley filed a Notice of Appeal, seeking to appeal this Court's denial of his § 2255 motion in the United States Court of Appeals for the Sixth Circuit.

The United States Court of Appeals for the Sixth Circuit has requested that this Court issue an order either granting or denying a certificate of appealability in this matter.

## ANALYSIS

A certificate of appealability must issue before a petitioner such as Mosley may appeal the district Court's denial of his § 2255 Motion.  28 U.S.C. § 2253(c)(1)(B). FED. R. APP. P. 22(b).  Where, as here, an applicant files a notice of appeal, "the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate of appealability should not issue."  FED. R. APP. 22(b).

Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  As the United States Supreme Court has explained this standard:

> . . . the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor.  Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983).  As the Court has more recently stated, "[w]here a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a certificate of appealability is issued by a district court, it must indicate which specific issue or issues satisfy the required showing. 28 U.S.C. § 2253(c)(3).

Here, Mosley's § 2255 Motion raised several arguments. After careful consideration, the Court concludes that reasonable jurists would not find the Court's assessment of Mosley's claims debatable or wrong.

## CONCLUSION & ORDER

Accordingly, the Court ORDERS that Mosley is NOT entitled to a certificate of appealability.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: July 2, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 2, 2012, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager